IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL S., | ) | |
| | ) | No. 22 C 2583 |
| Plaintiff, | ) | |
| | ) | Magistrate Judge M. David Weisman |
| v. | ) | |
| | ) | |
| KILOLO KIJAKAZI, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Daniel S. appeals the Acting Commissioner's decision denying his application for Social Security benefits. For the reasons set forth below, the Court affirms the Acting Commissioner's decision.

### Background

On May 19, 2016, plaintiff filed an application for benefits, which was denied initially, on reconsideration, and after a hearing. (R. 122-53.) Plaintiff appealed the ALJ's decision to the Appeals Council, which vacated the decision and remanded the case to the ALJ for further proceedings. (R. 174-75.) After a second hearing, the ALJ once again denied plaintiff's claim. (R. 15-29.) The Appeals Council declined review (R. 1-3), making the ALJ's decision the final decision of the Acting Commissioner, reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

### Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920. The Acting Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform his past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since March 1, 2016, the alleged onset date. (R. 18.) At step two, the ALJ found that plaintiff has the severe impairments of residuals of stroke and sleep apnea. (*Id.*) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals a listed impairment. (*Id.*) At step four, the ALJ found that plaintiff cannot perform his past relevant work but has the RFC to perform medium work with certain

2

exceptions. (R. 19-26.) At step five, the ALJ found that jobs exist in significant numbers in the national economy that plaintiff can perform, and thus he is not disabled. (R. 27-29.)

Plaintiff contends that the RFC for medium work is not supported by the evidence. Specifically, he says the combination of his fatigue, sleep apnea, and cardiac impairments preclude him from performing medium work.[1] However, plaintiff testified that his doctors did not give him work limitations or tell him not to do certain things because of his medical conditions. (R. 75.) Moreover, as the ALJ noted, the only doctors who said plaintiff was limited to light work were the non-examining consultants, and they relied on evidence generated immediately after plaintiff's stroke. (R. 24 (citing R. 138-51).) Later evidence, including the records of plaintiff's treating neurologist, Dr. Asif, showed plaintiff to be "remarkably improved" and his cardiac impairments to be stable. (R. 1212-17, 1365-67.) In short, the RFC for medium work is supported by substantial evidence.

Plaintiff also argues that the ALJ erred by failing to include in the RFC and hypothetical question to the vocational expert restrictions related to the moderate limitations plaintiff has in concentration, persistence, and pace. In relevant part, the RFC states:

> [T]he claimant is further limited to simple, routine tasks, work involving no more than simple decision-making, no more than occasional and minor changes in the work setting, and work requiring the exercise of only simple judgment. He ought not perform work which requires multitasking. He could perform work requiring an average production pace, but is incapable of significantly above average or highly variable production pace work. He ought not perform work which requires significant self direction.

(R. 19; *see* R. 84 (hypothetical question containing same elements).) Plaintiff contends this formulation is insufficient because it does not address the time plaintiff would be off task because of his limitations in concentration, persistence, and pace. Plaintiff does not, however,

---

[1] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 416.967(c).

identify medical evidence that shows he needs off-task time.[2]  Accordingly, the ALJ did not err by failing to include it in the hypothetical/RFC.

## Conclusion

For the reasons set forth above, the Court affirms the Acting Commissioner's decision, grants the Acting Commissioner's motion for summary judgment [16], and terminates this case.

**SO ORDERED.**                              **ENTERED:  February 23, 2023**

**M. David Weisman**
**United States Magistrate Judge**

---

[2] Plaintiff, perhaps recognizing this factual deficit, relies on findings that the plaintiff was "often slow to respond," and "might need additional time to complete tasks." (ECF 15 at 15.)  There are two issues with this argument.  First, the ALJ *did provide* for an adjusted work pace by noting that plaintiff "could perform work requiring an average production pace, but is incapable of significantly above average or highly variable production pace work."  (R. 19; *see* R. 84 (hypothetical question containing same elements).)  Second, plaintiff conflates a more limited work pace with required time-off, yet these are distinct limitations, the latter not being required because of the existence of the former.  *See Mary C. v. Saul*, No. 120CV00240SEBMPB, 2021 WL 736446, at *8 (S.D. Ind. Feb. 1, 2021) (ALJ failed to consider time-off in RFC yet found plaintiff to suffer from debilitating migraines that required her to take medication and lay down when migraines occurred); *Claudia B. v. Kijakazi*, No. 3:21CV674, 2022 WL 2980996, at *4 (N.D. Ind. July 28, 2022) ("Clearly, the ALJ needed to also account for . . . time off task" following migraine seizures).